Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0465 | **DATE** | 2-29-12 |
| **CASE TITLE** | Larry Rodgers (#N-53436) v. Michael P. Randle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders inmate trust account officials at Plaintiff's present place of confinement to deduct $8.17 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the resident trust office at Pontiac Correctional Center to facilitate compliance. The Clerk is directed to issue summons for Defendants Randle, Taylor, Hardy, Osborn, Peterson, Tanner, and Adamson and the U.S. Marshal is directed to serve them. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

Plaintiff, Larry Rodgers, an inmate in state custody at Pontiac Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000 (cc) against Defendants Randle and Taylor, two former Directors of the Illinois Department of Corrections; Marcus Hardy, the Warden of Stateville Correctional Center (hereinafter, "Stateville"); Defendant Tanner, the Dietary Manager at Stateville; Kenneth Osborn, the Assistant Warden of Programs at Stateville; and Defendants Peterson and Adamson, two Chaplains at Stateville. Plaintiff asserts that he practices the African Hebrew Israelite faith, and that the Defendants have and enforce a policy of requiring inmates to re-apply for religious diets each time they are transferred to a new correctional facility. Plaintiff alleges that this policy requires him to go for long periods of time without a diet that complies with his religious requirements.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.17. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Defendants under the Civil Rights Act, 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000(cc), such that he must respond to the complaint. *See Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008); *see also Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009).
(CONTINUED)

AWL

| STATEMENT (continued) |
|---|

The Clerk shall issue summons for service of the complaint on Defendants Randle, Taylor, Hardy, Osborn, Tanner, Peterson, and Adamson (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, officials with the Illinois Department of Corrections shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The Court notes that Plaintiff names as Defendants John Does 1-6. (*See* Plaintiff's complaint). Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the Defendants in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Once Plaintiff has ascertained the identity of the John Does, to the extent that his claims are still timely, he can file an amended complaint, substituting in the named Defendants for the John Does.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.