

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0465 | **DATE** | 11-1-12 |
| **CASE TITLE** | Larry Rodgers (#N-53436) v. Michael P. Randle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for preliminary injunction [#45] and motion to waive copy requirements [#46] are denied for the reasons given in the order below..

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Larry Rodgers, an inmate in state custody at Stateville Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000 (cc) against Defendants Randle and Taylor, two former Directors of the Illinois Department of Corrections; Marcus Hardy, the Warden of Stateville Correctional Center (hereinafter, "Stateville"); Defendant Tanner, the Dietary Manager at Stateville; Kenneth Osborn, the Assistant Warden of Programs at Stateville; and Defendants Peterson and Adamson, two Chaplains at Stateville. Plaintiff asserts that he practices the African Hebrew Israelite faith, and that the Defendants have and enforce a policy of requiring inmates to re-apply for religious diets each time they are transferred to a new correctional facility. Plaintiff alleges that this policy requires him to go for long periods of time without a diet that complies with his religious requirements.

Plaintiff has submitted a motion for preliminary injunction to the Court, alleging that he has inadequate access to the law library at Stateville Correctional Center and cannot make copies of his law materials and filings because the copier is broken. Before a preliminary injunction will issue, the party seeking the injunction must demonstrate: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and (5) the injunction will not harm the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000). Plaintiff has failed to demonstrate any of these factors. Accordingly, Plaintiff's motion for an injunction is denied.

Plaintiff has not stated how he will be prejudiced in his inability to access an adequate law library. The Court notes that in reviewing the docket, there are no motions pending to which Plaintiff owes a response, and that the parties have been actively pursuing a settlement in this case, with a status conference set before Magistrate Judge Martin for October 30, 2012. In order to establish a likelihood of success on the merits of a claim regarding inadequate access to a law library, Plaintiff would have to show a reasonable likelihood of success on a claim of denial of access to the courts. Simply alleging a denial of or limited access to a library does not, however, by itself, state a valid claim of denied access to the courts. A plaintiff must allege facts that

**(CONTINUED)** AWL

demonstrate an actual injury, i.e., that "the prison ... frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; ... only if the defendants' conduct prejudices a potentially meritorious challenge [or claim] ... has this right been denied." *Maxy*, 674 F.3d at 661. As there are no motions pending or deadlines for Plaintiff to miss, he cannot be prejudiced in his handling of his case. Plaintiff, therefore, also cannot meet the burden of demonstrating irreparable harm. Further, as he has submitted three motions in one day in this matter, it is clear that he is able to prosecute his claim. Accordingly, the Court finds that Plaintiff has not met his burden and denies his motion for preliminary injunction.

  The Court notes that Plaintiff's claim in this case involves denial of his right to practice his religion, not access to the Courts. If he believes, in spite of the law cited in this order, that he has a valid claim for violation of his right to access to the Courts, then he should consider filing a separate action alleging such a claim. Raising it in this case presents potential joinder problems pursuant to Fed. R. Civ. P. 18(a) and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), which provides that Plaintiffs may not allege unrelated claims against different Defendants.

  Additionally, Plaintiff has also brought a motion asking to be excused from the requirement that he provide sufficient copies of his court filings because of the copier problems at Stateville. The motion is denied. Plaintiff must submit sufficient copies for service on Defendants and a judge's copy of all motions filed. He may hand-write his pleadings while the copier is broken at Stateville and, if necessary may request additional time to complete his motions and responses, to the extent he may miss a deadline set by the Court. *See Ryburn v. Ramos*, Case No. 09 C 1176, 2010 U.S. Dist. LEXIS 5566 **4-5 (C.D. Ill. January 25, 2010) (McDade, J.) As stated previously, there are no motions pending requiring a response from Plaintiff, so he presently faces no prejudice. Consequently, Plaintiff's motion is denied.